IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | | |
|---|---|---|
| JESUS MORALES, § | | |
| Plaintiff, § | | |
| v. § | NO. EP-16-CV-0297-LS | |
| § | | |
| NANCY A. BERRYHILL, § | | |
| Acting Commissioner of the Social Security § | | |
| Administration, § | | |
| Defendant. § | | |

## MEMORANDUM OPINION

Plaintiff Jesus Morales appeals the denial of his Social Security disability benefits claim under 42 U.S.C. § 405(g). The parties consent to my determination of the case under 28 U.S.C. § 636(c) and Appendix C to the Local Court Rules for the Western District of Texas. I **AFFIRM** the Commissioner's decision denying benefits.

I. **Facts and Proceedings**

Morales alleges he became disabled in January 2014[1] because of diabetes, high blood pressure, cholesterol, and thyroid problems.[2] After the Commissioner denied his initial application and request for reconsideration, an Administrative Law Judge ("ALJ") held a hearing on January 21, 2016.[3] The ALJ heard testimony from Morales, who was represented by counsel, and from a vocational expert. In an opinion dated February 26, 2016, the ALJ determined that Morales was not disabled within the meaning of the Social Security Act.[4] The Appeals Council denied his request for review, making the decision of the ALJ the final decision of the Commissioner.[5]

---

[1] R:150.
[2] R:165.
[3] R:59-64; 66-72, 41-57.
[4] R:25-36.
[5] R:1-9.

Morales argues that the ALJ did not sufficiently account for his vision problems,[6] and that he cannot lift, carry, stand, or walk well enough to do the "medium"-caliber work the ALJ found he can do.[7] These errors, he argues, caused a mistake in the determination of his residual functional capacity (what he can still do workwise), ruining the disability analysis.[8]

## II. Discussion

### A. Legal Standards

Judicial review of the Commissioner's decision is limited to two inquiries: 1) whether the decision is supported by substantial evidence on the record as a whole; and 2) whether the Commissioner applied the proper legal standards. *Perez v. Barnhart*, 415 F.3d 457, 461 (5th Cir. 2005); *Masterson v. Barnhart*, 309 F.3d 267, 272 (5th Cir. 2002). Substantial evidence "is more than a mere scintilla, and less than a preponderance." *Masterson*, 309 F.3d at 272. The Commissioner's findings will be upheld if supported by substantial evidence. *Id.*

In evaluating a disability claim, the Commissioner must follow a five-step sequential process to determine whether: (1) the claimant is presently working; (2) the claimant has a severe medically determinable physical or mental impairment; (3) the claimant's impairment meets or equals an impairment listed in the appendix to the regulations; (4) the impairment prevents the claimant from doing past relevant work; and (5) the claimant can perform other relevant work. 20 C.F.R. § 404.1520(a)(4); *Boyd v. Apfel*, 239 F.3d 698, 704-05 (5th Cir. 2001).

Courts utilize four elements of proof to determine whether there is substantial evidence of disability: (1) objective medical facts; (2) diagnoses and opinions of treating and examining physicians; (3) the claimant's subjective evidence of pain and disability; and (4) the claimant's

---

[6] ECF No. 19, at 4.
[7] *Id.* at 4-8.
[8] *Id.* at 8.

age, education, and work history. *Perez*, 415 F.3d at 462. A court cannot, however, reweigh the evidence or try the issues *de novo*. *Cook v. Heckler*, 750 F.2d 391, 392 (5th Cir. 1985). The Commissioner, not the courts, must resolve conflicts in the evidence. *See Patton v. Schweiker*, 697 F.2d 590, 592 (5th Cir. 1983).

### B. Residual Functional Capacity

Residual functional capacity, or RFC, is the most an individual can still do despite his or her limitations. 20 C.F.R. § 404.1545. The responsibility to determine a claimant's RFC belongs to the ALJ. 20 C.F.R. § 404.1546; *Ripley v. Chater*, 67 F.3d 552, 557 (5th Cir. 1995). The ALJ must consider a claimant's abilities despite his or her physical and mental limitations based on the relevant evidence in the record. *Perez*, 415 F.3d at 461-62. The ALJ must consider the limiting effects of an individual's impairments, even those that are non-severe, and any related symptoms. *See* 20 C.F.R. §§ 404.1529, 404.1545. An RFC finding is used to determine if the claimant can still do his past jobs. *Perez*, 415 F.3d at 462. If unable, the RFC is then used to determine whether he can do other jobs in the national economy. *Id*.

### C. The ALJ's Findings

In this case, the ALJ found that Morales' severe impairments were hypertension, obesity, diabetes, and the implantation of a pacemaker,[9] but none were severe enough to meet or equal an impairment listed in the appendix to the regulations.[10] He found that Morales retained the functional capacity to perform "medium work."[11] Using vocational expert testimony, the ALJ

---

[9] R:27.
[10] R:29.
[11] R:30. "Medium work involves lifting no more than 50 pounds at a time with frequent lifting or carrying of objects weighing up to 25 pounds. If someone can do medium work, we determine that he or she can also do sedentary and light work." 20 C.F.R. § 404.1567(c).

determined that Morales could still perform his old job as a baker.[12] Accordingly, he found Morales not disabled and therefore not entitled to disability insurance benefits.[13]

### D. Vision

Morales argues that the ALJ failed to sufficiently account for his vision problems. Relying on an exam record from November 14, 2014,[14] Morales argues that his visual acuity is 20/70 and 20/40 in his left and right eyes, respectively.[15] By November 2015, however, Morales' visual acuity was found to be 20/25 and 20/30.[16] Morales reported during this November 2015 eye exam that he was "happy with his vision" and his ophthalmologist found no need for any medical intervention.[17] Morales did not apply for disability because of any alleged vision problems, and substantial evidence supports the ALJ's decision to exclude vision limitations from Morales' RFC.

### E. Lifting/Carrying and Standing/Walking

Morales argues that he cannot do the lifting/carrying and standing/walking necessary to do "medium" work. In addition to being able to lift up to fifty pounds, and frequently lifting or carrying up to twenty-five pounds, the "full range of medium work requires standing or walking, off and on, for a total of approximately 6 hours in an 8-hour workday." Social Security Ruling 83-10.

Morales testified that when he was thirty years old (which would have been around 1980) he picked up a heavy sack of flour, hurt his back, and this injury continues to be the biggest

---

[12] R:34.
[13] R:35-36.
[14] R:381.
[15] ECF No. 19, at 4.
[16] R:502.
[17] R:503.

4

problem that prevents him from working.[18] I note that Morales did not list any back problem in his disability application.[19] He also testified that he can only lift eight to ten pounds, and can stand for only ten to fifteen minutes.[20] The ALJ found that the objective medical evidence does not support these allegations.[21] Records from Morales' treating cardiologist Dr. Nasur reflect no muscle aches, no muscle weakness, no joint pain, no back pain, no swelling, no weakness, no numbness, and no fatigue – for a period spanning almost sixteen months.[22] Barbara Culton, Morales' treating nurse practitioner, found in August 2014 that Morales "is feeling fine…and exercises daily,"[23] and found full range of motion in June, August, and September 2014.[24] In April 2014, Dr. Cesar Garcia found either full or only mildly diminished muscle strength in every test he performed on Morales.[25]

Nurse practitioner Culton[26] and Dr. Nasur[27] filled out disability forms for Morales in August and September, 2014, respectively, reflecting that Morales had lifting and standing limitations that would disqualify him from "medium"-caliber work, and Morales argues that the ALJ erred by giving these opinions insufficient weight. Ordinarily the opinion of a treating physician who is familiar with the claimant's conditions should be accorded great weight in determining disability. *Newton v. Apfel*, 209 F.3d 448, 455 (5th Cir. 2000). Indeed, such an opinion will be given controlling weight if it is well-supported by objective medical evidence and is not

---

[18] R:48-49.
[19] *See* R:165.
[20] R:51.
[21] R:32.
[22] R:399 (May 2014); R:487 (September 2014); R:483 (October 2014); R:450 (January 2015); R:444 (February 2015) R:428 (May 2015); and R:420 (August 2015).
[23] R:395.
[24] R:396, 395, and 480.
[25] R:379.
[26] R:389-93.
[27] R:408-411.

inconsistent with other substantial evidence. 20 C.F.R. § 404.1527(c)(2). However, good cause may permit an ALJ to discount the weight of a treating physician when the treating physician's evidence is conclusory, is unsupported by medically acceptable clinical, laboratory, or diagnostic techniques, or is otherwise unsupported by the evidence. *Newton*, 209 F.3d at 456. In this case, the ALJ found that the opinions and limitations on the disability forms were inconsistent with the clinical findings that Culton and Dr. Nasur made in the non-disability examination contexts explained above. I agree.

The ALJ properly considered all of the medical and opinion evidence in this case, and substantial evidence supports his decision. I find no legal error, and the decision of the Commissioner is **AFFIRMED**.

**SIGNED** and **ENTERED** on October 24, 2017.

_____
**LEON SCHYDLOWER**
**UNITED STATES MAGISTRATE JUDGE**